# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ADAN ORTIZ,**<br>  Plaintiff**,**<br>vs.<br>**VOLT MANAGEMENT CORP, ET AL.,**<br>  Defendants**.** | CASE NO. 16-cv-07096-YGR<br><br>**ORDER GRANTING GENCO'S MOTION TO COMPEL; STAYING ACTION PENDING ARBITRATION**<br><br>Re: Dkt. No. 31 |

On May 11, 2017, the Court granted defendant Volt's motion to compel plaintiff into arbitration, but reserved on whether it would also compel plaintiff's claims against defendant Genco and whether it would stay the entire litigation pending the arbitration proceedings. (Dkt. No. 35.) On May 19, 2017, plaintiff filed a supplemental brief opposing defendant Genco's joinder in the motion to compel and expressing concerns that an order compelling his claims in this litigation against Genco would impact his claims in a related litigation, *Ortiz v. Genco*, Case No. 16-CV-4601 (N.D. Cal.). (Dkt. No. 36). On May 26, 2017, defendant Genco responded and conceded that its joinder in Volt's motion to compel applies only to plaintiff's claims in this action. (*See* Dkt. No. 37 at 9 n.1.)

Given this context, and having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court **ORDERS** as follows: The Court **COMPELS** plaintiff's individual claims against Genco into arbitration. The Court **STAYS** the entire litigation pending the completion of such arbitration.[1]

**I.    LEGAL FRAMEWORK**

The Federal Arbitration Act (the "FAA") requires a district court to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration

---

[1] The Court adopts the Background section in its order granting defendant Volt's motion to compel arbitration at Docket Number 35.

agreement. 9 U.S.C. § 3. A party may bring a motion in the district court to compel arbitration. 9 U.S.C. § 4. In ruling on the motion, the court's role is typically limited to determining whether: (i) an agreement exists between the parties to arbitrate; (ii) the claims at issue fall within the scope of the agreement; and (iii) the agreement is valid and enforceable. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).

"Both the arbitrability of the merits of a dispute and the question of who has the primary power to decide arbitrability depend on the agreement of the parties." *Goldman, Sachs & Co. v. Reno*, 747 F.3d 733, 738 (9th Cir. 2014) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995); *see also Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013). However, these questions are decided by the arbitrator instead of courts where "the parties clearly and unmistakably" express that intention. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986); *see also Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) ("[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."). An arbitration clause including an agreement to follow a particular set of arbitration rules may constitute such an expression where those rules provide for the arbitrator to decide questions of arbitrability. *See Poponin v. Virtual Pro, Inc.*, No. 06-CV-4019, 2006 WL 2691418, at *9 (N.D. Cal. Sept. 20, 2006) (finding the ICC Rules of Arbitration clearly "provide for the arbitrator to decide arbitrability"). In such circumstances, the Court's inquiry is limited to determining whether the assertion of arbitrability is "wholly groundless." *See Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1371 (Fed. Cir. 2006) (applying Ninth Circuit law).

Non-signatories to an arbitration agreement may, at times, be able to compel signatories into arbitration in situations where state contract law would allow such litigant to do so. *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631–32 (2009); *see also Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1130 n.5 (9th Cir. 2013) (explaining that *Andersen* clarified that a "litigant who is not party to an arbitration agreement may invoke arbitration if the relevant state contract law allows the litigant to enforce the agreement") (citing *Arthur Andersen*, 556 U.S. at 632).

## II. DISCUSSION

Under California law, a nonsignatory defendant may compel arbitration under a theory of equitable estoppel where claims against the signatory are "based on the same facts and are inherently inseparable." *Boucher v. Alliance Title Co., Inc.*, 127 Cal. App. 4th 262, 269 (2005) (holding also that a nonsignatory may compel arbitration when the "causes of action against the nonsignatory are 'intimately founded in and intertwined' with the underlying contract obligations"); *see also Chico v. Hilton Worldwide, Inc.*, No. 14-CV-5750-JFW, 2014 WL 5088240, at *13–14 (C.D. Cal. Oct. 7, 2014).

Genco's central argument in support of its motion to compel plaintiff's claims into arbitration is based on principles of equitable estoppel.[2] *Garcia v. Pexco, LLC*, -- Cal. Rptr. 3d --, 2017 WL 2123937 (Apr. 24, 2017) is instructive. There, plaintiff was employed by a staffing company, and signed an employment agreement with the same containing an arbitration provision. *Id.* at *1. The staffing company then assigned plaintiff to work for Pexco for a set amount of time. *Id.* Plaintiff sued the staffing company and Pexco for violations of the Labor Code and unfair business practices. *Id.* The trial court compelled plaintiff's claims against the staffing company and Pexco into arbitration, and the Court of Appeal affirmed explaining that plaintiff's claims against Pexco were "intimately founded in and intertwined with his employment relationship with [the staffing agency]," despite plaintiff's arguments that his claims were based on statutory, rather than contractual, violations. *Id.* at *2–3.

In opposition, plaintiff argues that Genco's liability is not dependent upon a finding that the staffing company, Volt, was liable. Plaintiff does not persuade with respect to his own claim. Plaintiff cites only *Benton v. Telecom Network Specialists, Inc.*, 220 Cal. App. 4th 701 (2013). However, *Benton* does not address arbitration at all and stands rather for the unobjectionable proposition that both the staffing agency and company overseeing the work had independent obligations to ensure compliance with California wage and hour laws. *Id.* at 728.

---

[2] Genco also argues that it should be able to claim the protection of the arbitration provision on an agency theory and because it is a third-party beneficiary of the employment agreement at issue. Because the Court finds that the claims are subject to the arbitration provision based on Genco's equitable estoppel argument, the Court does not reach Genco's other arguments.

3

The Court finds the instant case most analogous to *Garcia*. Like the plaintiff in *Garcia*, plaintiff here signed an employment agreement containing a broad arbitration provision with Volt. Volt then assigned plaintiff to work for a certain period of time for Genco. Similarly, plaintiff here brought claims pursuant to California wage and hour laws rather than contractual claims based on the employment agreement. Accordingly, as in *Garcia*, it is appropriate to allow the nonsignatory defendant to compel plaintiff into arbitration because his claims were "intimately founded in and intertwined with his employment relationship" with the signatory staffing agency. *See Garcia*, 2017 WL 2123937, at *3. As there, the plaintiff here referred "to both employers collectively as 'defendants' without any distinction." *Id.*

Thus, the Court finds that principles of equitable estoppel apply here and allow Genco to compel plaintiff into arbitration.[3] Accordingly, the Court **COMPELS** plaintiff's claims against Genco in this litigation only into arbitration.[4]

### III. CONCLUSION

For the foregoing reasons, the Court **COMPELS** plaintiff's claims against Genco into arbitration. The Court **STAYS** the entire action pending the completion of arbitration proceedings between the parties. *See Dist. Council 16 Int'l U. of Painters & Allied Trades v. LML Enters., Inc.*, No. 13-CV-565-SI, 2013 WL 3802903, at *1 (N.D. Cal. July 18, 2013) ("[C]ourts have

---

[3] Plaintiff raises an additional unconscionability argument but only to the extent that the Court finds that the arbitration provision is enforceable because Genco is a third-party beneficiary. Because the Court finds in favor of Genco on equitable estoppel grounds, the Court need not address plaintiff's argument here. In any event, plaintiff still fails to demonstrate both sufficient procedural and substantive unconscionability so as to render the arbitration provision unenforceable. (*See* Dkt. No. 35 at 5–7.)

[4] Defendant Genco further requests that the Court allow it to participate in arbitration conditionally, premised on its understanding that the arbitration provision does not permit class arbitration. Specifically, Genco asks that if the arbitrator proceeds on a class basis, that the Court permit Genco to return to this forum and litigate plaintiff's claims here. Defendant Genco cannot have its cake and eat it, too. By seeking the benefits of the arbitration provision, defendant Genco must also bear the burdens of the bargain struck between the plaintiff and signatory Volt. The Court makes no comment as to whether the employment agreement allows for class arbitration. As the Court found in its previous order, because the parties delegated arbitrability to the arbitrator, such issues are reserved for the same, and Genco will be bound by the arbitrator's rulings, to the same extent as are plaintiff and Volt.

4

discretion under 9 U.S.C. § 3 to dismiss or stay claims that are subject to an arbitration agreement." (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988))).

The Court further **SETS** a compliance hearing regarding the status of the parties' arbitration proceedings for **Friday, November 17, 2017** at **9:01 a.m.** in the Federal Building, 1301 Clay Street, Oakland, California, Courtroom 1.  No later than **November 10, 2017**, the parties must file a joint statement informing the Court of the status of the arbitration proceedings.  If compliance is complete, the Court may vacate the hearing and the parties need not appear.  Failure to comply may result in sanctions.

**IT IS SO ORDERED.**

Dated: June 2, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**